IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Freddy Lopez and Jacqueline Avechuco,<br><br>　　　　　Defendants. | No.  4: 14-CR-00099-TUC-JAS (JR)<br><br>**ORDER** |

Pending before the Court are several evidentiary motions.

<u>Motion in Limine (Docs. 517 and 555)</u>

In this Motion, Defendant Lopez argues that several categories of evidence should be excluded.  The Motion is DENIED.  Photographs allegedly showing the Defendant, TUSD records, a signed statement of rights, and statements made by other government witnesses – specifically Jose Bustillos – are all admissible to the extent that the evidence at trial and the admission of that evidence complies with the Federal Rules of Evidence.  However, if the photographs cannot be authenticated or are too blurry to identify the Defendant, they may not be admitted at trial.  Likewise, statements by other witnesses, including Bustillos, may not be admissible if they contain inadmissible hearsay.  The Court will make further rulings as necessary at trial.

<u>Motion in Limine (Doc. 562)</u>

The Government argues for the admission of several charts, tables, and graphs to

1  use as evidence or visual aids to help the jury understand the facts of the case. Each of
2  these pieces of evidence will be allowed, assuming the Government provides proper
3  foundation and otherwise complies with the Rules of Evidence. The Motion is, therefore,
4  GRANTED.

5  <u>Motion in Limine to Preclude Expert Testimony (Docs. 600, 621, and 622)</u>

6  The Government argues that Defendants did not provide sufficient notice of an
7  expert witness's proposed testimony, that any testimony would be irrelevant and infringe
8  on the jury's right to make credibility determinations, and that the notice provided was
9  untimely. The Government is correct that the disclosure was untimely – however,
10 because the notice of the expert was filed only five days after the deadline, and because it
11 appears that the Government was aware of the existence of the expert due to
12 communication between counsel, the expert will not be precluded on those grounds.
13 Likewise, the expert's testimony regarding his experience and knowledge of drug crime
14 investigations is not irrelevant, does not infringe on the jury's right to make credibility
15 determinations, and will not unfairly prejudice the Government's case.

16 Finally, although the disclosure of the expert witness was not precise about the
17 witness's opinions, it satisfies the requirements of Rule 16. The witness will testify,
18 among other things, "about the quality of the government's evidence based on the agents'
19 documentation patterns and report writing deficiencies, lack of procedural safeguards and
20 consistency, and overzealousness." Doc. 614. The Government is clearly on notice that
21 the expert witness is of the opinion that the documentation and report writing were
22 deficient, procedural safeguards were lacking, and the officers were inconsistent and
23 overzealous. Although not clearly stated as expert opinions, the summary sufficiently
24 discloses the expert's intended testimony. The Motion is, therefore, DENIED.

25 However, the expert will not personally be allowed to observe testimony at trial
26 and base his expert opinion on personally observing testimony. The Government has
27 invoked its right to exclude witnesses, and the expert will not be permitted to listen to
28 live testimony. However, the expert may testify based on summaries or quotations of

1 | trial testimony.

3 | Dated this 27th day of June, 2016.

Honorable James A. Soto
United States District Judge